

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TONY BRANCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-408-A |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION
### and
### ORDER

Now before the court is the amended notice of removal filed in the above-captioned action by defendant, Federal National Mortgage Corporation ("Fannie Mae"). Defendant has alleged diversity of citizenship under 28 U.S.C. § 1332 as the sole basis for removal. Having considered the amended notice of removal, the original state court petition of plaintiff, Tony Branch, attached thereto, and applicable legal authorities, the court concludes that defendant has failed to sufficiently allege the required amount in controversy, and that the case should be

remanded to the state court from which it was removed.[1]

I.

Background

Plaintiff initiated this action by filing his original petition against defendant on April 25, 2013, in the District Court of Tarrant County, Texas, 67th Judicial District, as Cause No. 067-265581-13. Defendant then removed the action to this court. On May 31, 2013, pursuant to this court's order, defendant filed its amended notice of removal. Defendant alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiff and defendant, and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of his petition, plaintiff does not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition.

---

[1] Some courts have determined that federal question jurisdiction exists in cases in which Fannie Mae is a party because of Fannie Mae's status as a federally chartered agency of the United States government under 12 U.S.C. § 1723a(a). See Griffin v. Fed. Nat'l Mortg. Ass'n, Inc., No. 2:10-CV-306-TJW-CE, 2010 WL 5535618, at *1-2 (E.D. Tex. Dec. 9, 2010). Others have concluded that because "Fannie Mae's charter permits it 'to sue or be sued, and to complain or defend, in any court of competent jurisdiction, State or Federal,'" an independent basis for jurisdiction is required. Rincon Del Sol, LLC v. Lloyd's of London, 709 F. Supp.2d 517, 524-25 (S.D. Tex. 2010); Knuckles v. RBMG, Inc., 481 F. Supp.2d 559, 563 (S.D. W. Va. 2007) (citing additional cases). In addition, the Fifth Circuit has held that identical language found in 12 U.S.C. § 1702 does not automatically confer federal jurisdiction. Industrial Indem., Inc. v. Landrieu, 615 F.2d 644, 647 (5th Cir. 1980). Thus, even if defendant had attempted to invoke federal question jurisdiction in this action, such an attempt would have failed.

However, defendant contends that in the context of foreclosure proceedings where plaintiff is seeking injunctive relief, the proper measure of the amount in controversy is the value of the subject property, which defendant asserts is $251,900.00. Defendant argues that the value of the property plus the unspecified damages requested by plaintiff satisfy the amount in controversy. In support of its position, defendant cites to legal authority standing for the proposition that the right, title, and interest plaintiff has in the property constitutes the proper measure of the amount in controversy in an action such as this one, where plaintiff could be divested of ownership of the property. Am. Notice of Removal at 3.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that the amount in controversy in this action meets or exceeds the required amount.

II.

Basic Principles

The court begins with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing

party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

Analysis

Plaintiff's petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000.00, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent. As a result, the court evaluates the true nature of plaintiff's claims to determine the amount actually in controversy between the parties.

The true nature of this action is to maintain possession of residential property plaintiff used as security for the making of a loan. As the petition alleges, plaintiff pursues these goals by bringing state law claims seeking an order (1) restraining defendant from evicting plaintiff from the home or foreclosing on the home; (2) requiring defendant to produce certified copies of the original promissory note and related documents; and (3)

awarding unspecified damages and attorney's fees. Am. Notice of Removal, Ex. C-1 at 7-10. Thus, considering plaintiff's original petition, the court has not been provided with any information from which it can determine that the value to plaintiff of such relief is greater than $75,000.00.

Defendant contends that the fair-market value of the property should serve as the amount in controversy because plaintiff requests equitable relief to enjoin defendant from foreclosing on the property. Am. Notice of Removal at 3. Defendant relies on the oft-cited argument that when equitable relief is sought, the amount in controversy is measured by the value of the object of the litigation, and when a mortgagor is attempting to protect his property, the fair market value of the property is the amount in controversy. Id. at 4. In its amended notice of removal, defendant suggests that the value of the property is approximately $251,900.00. Id.

The court is not persuaded by the argument that the above figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity he has in the property. Defendant does not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy. That is, for example, defendant's attribution of

the $251,900.00 figure as damages is an act of its own doing--not plaintiff's. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[2]

Plainly, the sole goal of plaintiff's action is to avoid or delay a foreclosure sale and to be able to retain possession of the property. Nothing is alleged that would assign a monetary value to plaintiff's accomplishment of those goals. While plaintiff appears to request equitable relief based on a claim that he is entitled to hold legal title in the property, he does not assert that such relief is based on a claim that he has outright ownership of the property, free from any indebtedness. Indeed, plaintiff makes statements to suggest that his ownership of the property *is* encumbered by a debt, as the petition describes a note and deed of trust, and questions whether defendant is the rightful owner or holder of the note and deed of trust. The value to plaintiff of his rights in the litigation is, at most, the value of his interest in the property, not the

---

[2] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

value of the property itself. Thus, defendant has not established the value of plaintiff's interest in the property.

Defendant has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of defendant to persuade the court that subject matter jurisdiction exists.

## IV.

### Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED May 31, 2013.

_____
JOHN McBRYDE
United States District Judge